IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MISSOURI COALITION FOR ) | | |
| THE ENVIRONMENT FOUNDATION, ) | | |
| a non-profit corporation, ) | CIVIL NO. _____ | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | COMPLAINT | |
| ) | | |
| GINA MCCARTHY, Administrator ) | | |
| of the United States Environmental ) | | |
| Protection Agency; and THE UNITED ) | | |
| STATES ENVIRONMENTAL ) | | |
| PROTECTION AGENCY, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| _____ ) | | |

**COMPLAINT**

1. This is a citizen suit against the EPA Administrator for failing to perform her nondiscretionary duty to promulgate revised or new numeric nutrient criteria for Missouri lakes under the Clean Water Act ("CWA"), 33 U.S.C. § 1313(c)(3), (c)(4)(A). Defendants Gina McCarthy, Administrator of EPA, and EPA failed to fulfill their duty to ensure that Missouri's water quality standards are in compliance with the federal CWA, 33 U.S.C. § 1313(c).

2. This action seeks declaratory and injunctive relief directing Defendants to promulgate lake nutrient and chlorophyll water quality criteria in Missouri.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 33 U.S.C. § 1365, 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 2201- 02. The Plaintiff challenges the Defendants' failure to perform a nondiscretionary duty as defined by the CWA, 33 U.S.C. § 1313(c)(3), (c)(4)(A).

4. This Court is also the proper venue for this action because a "substantial part of the events or omissions giving rise to this claim" occurred in this district, 28 U.S.C. § 1391(e)(2), and because the claim for relief arose in this division. Local Rule 3.2(b)(1).

## PARTIES

5. The Plaintiff in this action is the Missouri Coalition for the Environment Foundation ("MCE"), a non-profit corporation with its principal office at 3115 S Grand Blvd #650, St. Louis, MO 63118. Founded in 1969, the MCE works to protect and enhance a broad range of environmental values through education, public engagement, and legal action. Throughout its existence, the Coalition has actively engaged in efforts to preserve Missouri's waterways.

6. The MCE is a state-wide membership organization, with hundreds of individual members. Coalition members engage in various recreational activities in and on waters throughout the state of Missouri, including, but not limited to, swimming, fishing, kayaking, and canoeing on Missouri lakes.

7. The MCE files this action on its own behalf and on behalf of its members. The interests of the Coalition, as well as the interests of its members, have been, and will continue to be, adversely affected by EPA's failure to promulgate numeric nutrient criteria

for Missouri lakes in compliance with the CWA. All Missourians, including MCE members, are subjected to unhealthy levels of nutrients in the state's waters because of EPA's violation of the CWA.

8. The MCE is adversely affected and aggrieved by the actions and omissions of the EPA within the meaning of the CWA. The increased nutrients in the waters of Missouri is a concrete injury against the MCE and its members, is fairly traceable to the EPA's conduct, and would be redressed by the relief sought in this case. Given the nature of the violation, the Plaintiff has no other remedy at law.

9. Defendant Gina McCarthy is the Administrator of the United States Environmental Protection Agency. She is sued in her official capacity as Administrator.

10. Defendant United States Environmental Protection Agency ("EPA") is the federal agency charged with administering and enforcing the CWA. Its rights and duties are more fully described below.

**STATUTORY AND REGULATORY BACKGROUND**

11. Enacted in 1972, the CWA established as a national goal that, wherever attainable, water quality in the United States must provide for "protection and propagation of fish, shellfish, and wild life and ... recreation in or on the water." CWA § 102(a)(2), 33 U.S.C. § 1251(a)(2). This is usually known as the CWA's "fishable/swimmable" standard.

12. To make sure that waters reach this "fishable/swimmable" goal, the CWA requires the states to enact water quality standards for all navigable waters which "protect the public health and welfare, enhance the quality of the water, and serve the purposes of this act." CWA § 303(c)(2)(A), 33 U.S.C. § 1313(c)(2)(A).

13. In Missouri, the Missouri Clean Water Commission ("MCWC"), a seven-member citizen commission, has the authority and responsibility under state law of approving and promulgating Missouri's water quality standards. The Missouri Department of Natural Resources ("MDNR"), under the supervision of the MCWC, has the responsibility of implementing and enforcing the water quality standards, subject to review by EPA, as described below.

14. Although Missouri has the initial responsibility for proposing standards that govern the condition of waterways within its boundaries, EPA has the responsibility to ensure the water quality standards in every state comply with the CWA. CWA § 303(a)-(c), 33 U.S.C. § 1313(a)-(c).

15. Missouri is required to review and revise, if necessary, its water quality standards at least once every three years, in a "triennial review." CWA § 303(c)(1). Upon completion of the review and revision, Missouri must submit its water quality standards to EPA's regional office for review. 40 C.F.R. § 131.20(a).

16. When it receives the triennial review package, EPA must decide whether the revised standards meet the requirements of the CWA. If EPA determines that they do, within 60 days it must approve of the revised standards, which will become Missouri law. CWA § 303(c)(3), 33 U.S.C. § 1313(c)(3).

17. If EPA determines that submitted standards do not meet the requirements of the CWA, within 90 days it must notify Missouri of the changes required to bring the standards into compliance with the CWA. If Missouri fails to adopt the prescribed changes within another 90 days, EPA is required to promulgate a new standard itself. CWA § 303(c)(3), (c)(4)(A), 33 U.S.C. § 1313(c)(3), (c)(4)(A).

## STATEMENT OF FACTS

18. Missouri submitted a triennial review package to the Regional Administrator during the week ending November 6, 2009. As part of the 2009 submittal, Missouri developed nutrients and chlorophyll water quality criteria for lakes as found in 10 CSR 20-7.031 (3)(N) Nutrients and Chlorophyll.

19. In a letter dated August 16, 2011, EPA disapproved section 10 CSR 20-7.031 (3)(N) Nutrients and Chlorophyll, except for the waters found in Table M.

20. EPA gave several reasons for its disapproval. First, EPA determined that the methods used and analyses conducted to develop the lake nutrient criteria were not based on a sound scientific rationale as they did not include the data and other necessary information to allow others to independently reproduce the work.

21. EPA also determined that Missouri failed to demonstrate that the values or approaches used by Missouri in promulgating the numeric nutrient criteria for lakes would protect the designated aquatic life or recreational uses per 40 CFR §§131.6(b) and (c).

22. As a result of this disapproval, only the 25 lakes in Table M were accorded specific numeric nutrient criteria, and there are no numeric nutrient criteria for the hundreds of lakes in Table G of the Missouri regulations.

23. Once EPA notified Missouri that the submitted nutrient criteria did not meet the requirements of the CWA, Missouri had 90 days in which to revise the criteria to address the EPA's disapproval or to propose new criteria along those same lines described in EPA's August 16, 2011 letter. 33 U.S.C. § 1313(c)(3).

24. More than 90 days has elapsed since EPA disapproved Missouri's nutrient standards. Although Missouri has from time to time convened stakeholder workgroup meetings to discuss nutrient criteria development for lakes and streams, no final rule addressing nutrient pollution in Missouri lakes has been promulgated as of today's date.

25. Because more than 90 days has passed since EPA's disapproval of the numeric nutrients criteria for lakes, and because Missouri has not promulgated new numeric nutrients criteria for lakes, EPA has a mandatory duty to promulgate revised or new nutrient standards as provided in 33 U.S.C. § 1313(c)(3) and (c)(4)(A).

26. EPA has failed to perform this nondiscretionary duty and is therefore subject to suit pursuant to 33 U.S.C. § 1365(a)(2).

27. Pursuant to the citizen suit provision of the CWA, 33 U.S.C. §1365(b)(2), on November 5, 2015 MCE gave notice to the Administrator of the EPA that MCE intended to bring this suit in federal district court for the Administrator's failure to perform a non-discretionary duty imposed by the CWA, 33 U.S.C. § 1365(a)(2).

28. The sixty-day notice period established by 33 U.S.C. § 1365(b)(1) has expired. This suit is now properly brought before this Court.

## COUNT ONE -- CLAIM FOR RELIEF

27. Plaintiff re-alleges all preceding paragraphs.

28. Defendants disapproved Missouri's numeric nutrient criteria for lakes on August 16, 2011. Missouri has not yet adopted replacement criteria.

29. Because Missouri has not adopted replacement criteria, the Defendants have a mandatory duty under 33 U.S.C. § 1313(c)(3) and (c)(4)(A) to publish revised or new numeric nutrient criteria for Missouri lakes.

30. Defendants have breached this mandatory duty.

31. As a result of the Defendants' breach of duty, all Missourians, including MCE members, are denied the benefits of the Clean Water Act and are subjected to unhealthy levels of nutrients in the State's waters.

32. 33 U.S.C. § 1365 confers upon the MCE and its members the power to bring a civil action against the Defendants in order to bring Missouri's nutrient criteria into compliance with the CWA.

**PRAYER FOR RELIEF**

WHEREFORE, the Missouri Coalition for the Environment prays for the following relief:

(1) a declaratory judgment finding that Defendants are in violation of the mandatory duty to promulgate numeric nutrient criteria for lakes;

(2) an injunction directing Defendants' promulgation of revised or new lake numeric nutrient and chlorophyll water quality criteria that meet the requirements of the CWA within 90 days of the date of the order;

(3) an award of litigation costs, including reasonable attorney and expert witness fees under 33 U.S.C. § 1365(d); and

(4) any other relief this Court deems just and proper.

Respectfully submitted,

_____
Elizabeth J. Hubertz, MO. Bar #58403
Clinic Attorney
Interdisciplinary Environmental Clinic
Washington University School of Law
One Brookings Drive – Campus Box 1120
St. Louis, MO 63130
314-935-8760 (Tel)
314-935-5171 (Fax)
ejhubertz@wustl.edu